WO                                                                                                                    **LMH**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Armando Bermudez,                )     No. CV 03-1673-PHX-SMM (MEA)
                                 )
    Plaintiff,              )     **ORDER**
                                 )
vs.                              )
                                 )
Charles Ryan, et al.,            )
                                 )
    Defendants.             )
                                 )

    Plaintiff Armando Bermudez, a state prisoner, filed this *pro se* civil rights action regarding conditions in Special Management Unit II, the highest custody level in the Arizona Department of Corrections. Defendants moved for summary judgment (Doc. ##34-35). Plaintiff, after obtaining two extensions of time to respond, still failed to file a response (Doc. ##37-40). The Court will grant summary judgment in favor of Defendants.

**I. Background**

    It is undisputed that Plaintiff was validated as a member of a Security Threat Group known as Surenos and as a result, on December 12, 2000, he was placed in a maximum custody arrangement known as Special Management Unit II. In SMU II, the inmates are severely restricted in movement, and they lack privileges granted to inmates at lower custody levels. Plaintiff, unhappy with his circumstances, sued Charles Ryan, the former acting director of the Arizona Department of Corrections; Deputy Warden Conrad Luna; and CO III Fansler, Correction Classification Specialist. The Court already dismissed the part of

Count I pertaining to due process in the initial placement as barred the limitations (Doc. #24). The remaining claims in his Complaint are: (1) he was denied due process in the periodic review of his placement, (2) the conditions in SMU II violate the Eighth Amendment, and (3) he was retaliated against by the requirement that, to be transferred from SMU II, he must incriminate himself in a debriefing process.

Defendants moved for summary judgment, contending that (1) Plaintiff was given more than adequate due process in the periodic reviews of his placement; (2) there is no evidence to show that the conditions violated the Eighth Amendment nor that Defendants were deliberately indifferent to Plaintiff's health or safety; and (3) there is no evidence that Plaintiff's placement was retaliatory (Doc. ##34-35).

Plaintiff was notified of his rights and obligations to respond to Defendants' motion (Doc. #36). He failed to respond, even after he was granted two separate requests for extensions of time (Doc. ##37-40).

**II. Summary Judgment Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere

1 allegations or denials of [the party's] pleading." The nonmoving party must do more than
2 "simply show that there is some metaphysical doubt as to the material facts." Matsushita
3 Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue
4 for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477
5 U.S. at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not
6 significantly probative." Id. at 249-50.

7 **III. Discussion**

8 **A. Count I: Due Process**

9 One of the remaining claims in Count I is that Plaintiff was denied due process by
10 indefinite placement in SMU II without any meaningful review. For periodic reviews after
11 placement in segregation, due process is satisfied by notice and an opportunity to be heard.
12 Wilkinson v. Austin, 125 S. Ct. 2384, 2395-97 (2005) (to be reported at 545 U.S. 209);
13 Hewitt v. Helms, 459 U.S. 460, 476, 477 n. 9 (1983). Defendants contend that Plaintiff
14 received more process than he was due because a classification review is held every 180 days
15 that includes written notice informing him of his right to appear at hearings, to call relevant
16 witnesses, to have the assistance of a willing employee, to receive a finalized copy of the
17 committee's findings, and to appeal classification errors or overrides (DSOF ¶¶ 55, 72 & Ex.
18 2, Crabtree Decl. ¶¶ 14-15, doc. #35). Plaintiff has not responded to the contention. The
19 evidence on this record shows that the minimal due process requirements were satisfied.
20 Accordingly, summary judgment will granted in favor of Defendants on this claim.

21 **B. Count II: Conditions**

22 In Count II, Plaintiff claims that the long-term isolation in SMU II violates the Eighth
23 Amendment because: (1) he lacks adequate opportunity for outdoor recreation and exposure
24 to direct sunlight and fresh air; (2) he lacks adequate clothing for exercise and warmth;
25 (3) his cell is lit 24 hours a day; (4) he is served limited quantities of food; and (5) he is
26 restricted from social and environmental stimulation. Defendants respond that the conditions
27 satisfy the Eighth Amendment requirement of the "minimal civilized measure of life's
28

1  necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452
2  U.S. 337, 347 (1981)).

3  According to Defendants, Plaintiff has one hour of recreation three times per week.
4  Although the walls of the recreation yard are cement, fresh air and sunlight come through a
5  mesh roof over the yard. To keep warm, Plaintiff may buy a jumpsuit or sweats from the
6  inmate store and for exercise, he may request to use a handball (DSOF ¶¶ 34, 37-38) & Ex. 3,
7  McWilliams Decl. ¶¶ 19, 22-23, Doc. #35). Plaintiff also admitted that he cannot exercise
8  strenuously because he has a hernia, but may only walk (DSOF ¶ 39 & Ex. 7 at 33-34, Pl.'s
9  Dep.). Thus, there is no dispute that his physical health warrants more vigorous exercise than
10 being able to walk in the yard. There is no evidence to show that he has been prevented from
11 using the recreation yard.

12 Defendants further assert that the lighting does not violate the Eighth Amendment.
13 For security reasons, during sleeping hours, the lights in Plaintiff's cell are not turned off but
14 are significantly dimmed. The lower light level is less disruptive than officers using bright
15 flashlight to make inmate checks (DSOF ¶¶ 20-25 & Ex. 3, McWilliams Decl. ¶¶ 6-11, Doc.
16 #35). Plaintiff admitted that he sleeps seven or eight hours each night in the dimmed lighting
17 (DSOF ¶ 26 & Ex. 7 at 46, Pl.'s Dep.). There is no evidence to show that the constant
18 illumination, which included dimmed lights during sleeping hours, deprived Plaintiff of his
19 health.

20 Defendants further contend that Plaintiff's nutritional needs are met because he
21 receives three meals per day during the week and two larger meals on the weekends. A
22 nutritionist determines the amount of calories for lower levels of activity (DSOF ¶ 41 &
23 Ex. 3, McWilliams Decl. ¶ 24, Doc. #35). Plaintiff admitted that he received these meals
24 (DSOF ¶ 42 & Ex. 7 at 26-30, Pl.'s Dep.). There is no evidence to show that Plaintiff's
25 health suffered from lack of nutrition.

26 Defendants have also shown that Plaintiff does not totally lack social stimulation. He
27 can talk to staff several times during the day and talk to a counselor five times a week face
28 to face (DSOF ¶ 28 & Ex. 3, McWilliams Decl. ¶ 13, Doc. #35). He has access to health

1  services (DSOF ¶ 29 & Ex. 3, McWilliams Decl. ¶ 14). He may have a radio and a television
2  (DSOF ¶ 31 & Ex. 3, McWilliams Decl. ¶ 16). He may have one two-hour visit each week,
3  with up to four visitors at one time (DSOF ¶ 35 & Ex. 3, McWilliams Decl. ¶ 20). He may
4  make one five-minute phone call each week (DSOF ¶ 36 & Ex. 3, McWilliams Decl. ¶ 21).
5  Although he cannot participate in work, vocational, or educational programs, he can do in-
6  cell programs (DSOF ¶ 46 & Ex. 3, McWilliams Decl. ¶ 27).

7  Plaintiff has not responded to Defendants' assertions and as stated, he may not rest
8  on his allegations when Defendants' motion is supported. Because the evidence shows that
9  the conditions of SMU II did not violate the Eighth Amendment, Defendants are entitled to
10  summary judgment on this claim.

11  **C. Count III: Retaliation**

12  In Count III, Plaintiff alleged that his continued indefinite placement in SMU II is
13  retaliatory for his choice not to renounce his gang membership and not to inform on other
14  prisoners. A viable claim of First Amendment retaliation contains five basic elements: (1) an
15  assertion that a state actor took some adverse action against an inmate (2) because of (3) that
16  prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First
17  Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not
18  narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d
19  559, 567-58 (9th Cir. 2005); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997). These
20  types of claims must be evaluated in light of the deference and flexibility that must be
21  accorded to prison officials. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

22  Defendants contend that (1) the debriefing process does not interfere with Plaintiff's
23  right not to incriminate himself because the information is used only for security purposes
24  and not for a criminal prosecution against him, and (2) his placement in SMU II – which was
25  brought about by his validation as a gang member and not by his refusal to debrief – serves
26  a legitimate penological interest of security. Plaintiff has not refuted these assertions and in
27  his deposition, he states that he was not asked to debrief at classification hearings (DSOF,
28

Ex. 7 at 16, Pl.'s Dep.). There is no evidence to support Plaintiff's retaliation claim, and Defendants are entitled to summary judgment.

**IV. Conclusion**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. #34) is **GRANTED**. The Clerk of Court must enter judgment accordingly.

DATED this 31st day of August, 2006.

Stephen M. McNamee
United States District Judge